# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>SYRATECH CORPORATION,<br>WALLACE INTERNATIONAL DE P.R., INC.<br>AND CHI INTERNATIONAL, INC. | Chapter 11<br>Case No. 05-11062-RS<br>(Jointly Administered) |

## ORDER REGARDING
## COMPENSATION AND EXPENSE REQUESTS

Before the Court are applications requesting compensation for services and for reimbursement of expenses submitted by nine professionals: the Debtors' lawyers, turnaround consultants, accountants/auditors and investment banker; the Creditors Committee's lead lawyers, local lawyers and financial advisors; and the DIP Lenders' lead lawyers and local lawyers ("Professionals").

### Background

On February 16, 2005, Syratech Corporation and two subsidiaries commenced separate (though ultimately jointly administered) Chapter 11 cases (together, "Case"). At that time, the Debtors portrayed the Case as in part pre-negotiated though not pre-packaged. During the Case, the Debtors sold a business division; stabilized their remaining operations; and restructured their debt and equity in accordance with a plan of reorganization confirmed on May 12, 2005 and effective on June 3, 2005. By any yardstick, the Case may fairly and reasonably be characterized as successful (e.g., general unsecured claims are paid in full).

### Professionals

By orders entered during March 2005, the Court authorized the appointment of

the Estate Professionals (that is, the advisors to the Debtors and the Creditors Committee) but not the Lender Professionals (whose estate-paid compensation but not engagement is subject to court approval). The engagements (and compensation) were, and remain, subject to those orders and to the underlying employment agreements and loan documents. The Court also entered orders authorizing interim compensation and expenses whereby 80% of fees and 100% of expenses were permitted to be and, in most cases were, paid by the Debtors. At present, the Professionals seek final authorization for their full compensation and expense requests and, where applicable, allowance of retainers and payment of balances due.

### Framework

The requests of the Estate Professionals are reviewed in accordance with Sections 330 and 327 of the Bankruptcy Code; the requests of the Lender Professionals are reviewed in accordance with Section 506(b) of the Bankruptcy Code. In conducting this review, the Court looks to the approach and standards enunciated, and cases cited, in *In re Bank of New England Corp.*, 134 B.R. 450 (Bankr. D. Mass. 1991), *aff'd* 142 B.R. 584 (D. Mass. 1992) (Young, J.) and in subsequent cases endorsing its approach. See, for example, *In re 1095 Commonwealth Avenue Corp.*, 204 B.R. 284, 303 (Bank. D. Mass. 1997).

In the Case, as in most cases, the Court has three vantages on the performance of the Professionals: courtroom appearances and presentations and court-related written submissions; the ultimate outcome of the case; and written requests for compensation and expenses. Much occurs outside the direct observation of the Court but nonetheless comprises performance and contributes to the outcome. Moreover, the Court, in some cases but not in this one, may be afforded a further vantage by virtue of objection or opposition to compensation and expense

requests. Here, no such objection or opposition has been made.

In any event, the Court has an independent duty to review the requests, and has done so within the foregoing framework.

### Conclusion

Not every professional contributed equally to the outcome of the Case or performed at the same level of capability or proficiency. Moreover, some requests for compensation and expenses comport more exactingly with the requisites of the relevant statutes and applicable national and local rules. Lastly, compensation approaches (hourly versus fixed fee) and compensation rates differ considerably. Notwithstanding these variances, the Court considers the performance of the Professionals as warranting the compensation and expenses requested, taking into account that which the Court observed, that which is required by the statutes and rules, that which is supported by the above-cited cases, and the outcome of the Case itself.

Accordingly, the Court grants the compensation and expense requests of each of the Professionals. A separate order shall enter as to each application.

Dated: October 17, 2005

Robert Somma
United States Bankruptcy Judge